IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HUGO GALVAN | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-CV-608-DAE |
| | § | |
| DOUGLAS SABIN and AMERICAN | § | |
| CINEMA EQUIPMENT COMPANY, | § | |
| INC. | § | |
| *Defendants* | § | |

### DEFENDANT, DOUGLAS SABIN'S, ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant, Douglas Sabin ("Defendant"), by his attorneys Davis, Cedillo & Mendoza, Inc., hereby answers Plaintiff, Hugo Galvan's Original Petition as follows:

### Discovery Control Plan

1.   The assertions in paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, Defendant lack sufficient information to admit or deny the truth of the allegations in paragraph 1.

### Parties

2.   Admitted.

3.   Admitted.

4.   Defendant American Cinema Equipment, Inc. ("ACE") is a foreign corporation which does not do business in the State of Texas. Defendant ACE is a registered corporation of the State of Oregon.

### Jurisdiction and Venue

5.   Defendant Sabin denies Bexar County District Court has proper jurisdiction over this case as Defendant Sabin is a foreign resident who does not do business in the state of Texas.

Venue and Jurisdiction is proper in the United States District Court for the Western District of Texas.  Otherwise, Defendant denies the allegations in paragraph 4.

## Facts

6. Defendant lacks sufficient information to admit or deny the truth of the allegations in paragraph 6.  Otherwise, Defendant denies the allegations in paragraph 6.  Otherwise, Defendant denies he was at fault for the accident.

## Agency and Respondeat Superior

7. Responding to paragraph 7, Defendant alleges and incorporates here its prior responses.  The assertions in paragraph 7 are legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the truth of the allegations in paragraph 7.  Otherwise, Defendant denies the allegations in paragraph 7.

8. Responding to paragraph 8, Defendant alleges and incorporates here its prior responses.  The assertions in paragraph 8 are legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the truth of the allegations in paragraph 8.  Otherwise, Defendant denies the allegations in paragraph 8.

9. Responding to paragraph 9, Defendant alleges and incorporates here its prior responses.  The assertions in paragraph 9 are legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the truth of the allegations in paragraph 9.  Otherwise, Defendant denies the allegations in paragraph 9.

10. Responding to paragraph 10, Defendant alleges and incorporates here its prior responses.  The assertions in paragraph 10 are legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the truth of the allegations in paragraph 10.  Otherwise, Defendant denies the allegations in paragraph 10.

## **Negligence Per Se**

11.     Responding to paragraph 11, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the truth of the allegations in paragraph 11. Otherwise, Defendant denies the allegations in paragraph 11.

12.     Responding to paragraph 12, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the truth of the allegations in paragraph 12. Otherwise, Defendant denies the allegations in paragraph 12.

14.     Responding to paragraph 14 [sic[1]], Defendant alleges and incorporates here its prior responses. The assertions in paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the truth of the allegations in paragraph 14. Otherwise, Defendant denies the allegations in paragraph 14.

15.     Responding to paragraph 15, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the truth of the allegations in paragraph 15. Otherwise, Defendant denies the allegations in paragraph 15.

## **Damages**

16.     Responding to paragraph 16, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the truth of the allegations in paragraph 16. Otherwise, Defendant denies the allegations in paragraph 16.

17. Responding to paragraph 17, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 17 are legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the truth of the allegations in paragraph 17. Otherwise, Defendant denies the allegations in paragraph 17.

18. Responding to paragraph 18, Defendant alleges and incorporates here its prior responses. The assertions in paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the truth of the allegations in paragraph 18. Otherwise, Defendant denies the allegations in paragraph 18.

## Conditions Precedent

19. The assertions in paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the truth of the allegations in paragraph 19.

## Demand for Jury Trial

20. Defendant hereby demands a jury trial as well.

## Request for Disclosure

21. The assertions in paragraph 21 are legal conclusions to which no response is required.

## Conclusion and Prayer

22. Defendant denies that Plaintiff is entitled to any of the relief sought by way of his complaint.

## Affirmative Defenses

23. Defendant sets forth below his affirmative defenses. Each affirmative defense is asserted as to all claims against Defendant. By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such

---

[1] Please note that Plaintiff's Original Petition is incorrectly numbered and omits paragraph 13.

burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations.

24.     Contributory Negligence. Plaintiff was contributorily negligent in the accident.

25.     Pre-Existing Conditions. Plaintiff suffers from pre-existing conditions or diseases unrelated to the accident in question which lead to the injuries identified in the Plaintiff's complaint.

26.     Subsequent Conditions. The disability, if any, which Plaintiff allegedly has or had is solely the result of subsequent conditions or diseases unrelated to the accident in question; or in the alternative is partially the result of subsequent conditions or diseases unrelated to the accident in question.

27.     Reduction for Taxes. Plaintiff is required to prove any loss of earnings, loss of earning capacity, or loss of contributions of pecuniary value, in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any Federal income tax pursuant to Texas Civil Practice and Remedies Code §18.091.

28.     Paid vs. Incurred. Plaintiff's recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant pursuant to Texas Civil Practice and Remedies Code §41.105.

29.     Failure to Mitigate Damages. Plaintiff has failed to properly mitigate damages, if any, post incident.

30.     Intervening or Superseding Cause. The cause of the accident which Plaintiff complains was caused by an intervening or superseding cause not within the control of Defendant.

31. <u>Sudden Emergency</u>. Defendant was confronted by an emergency arising suddenly and unexpectedly, not proximately caused by any negligence on his part and acted as a person of ordinary prudence would have acted under the same or similar circumstances.

## **Prayer for Relief**

32. Defendant denies that Plaintiff is entitled to any of the relief sought.

                Respectfully submitted,

                dc&m | Davis, Cedillo & Mendoza, INC.
                ATTORNEYS AT LAW

                McCombs Plaza, Suite 500
                755 E. Mulberry Avenue
                San Antonio, Texas  78212
                Telephone No.:  (210) 822-6666
                Telecopier No.:  (210) 822-1151

      By:   */s/ Brandon E. Strey*
                RONALD E. MENDOZA
                State Bar No. 13937700
                rmendoza@lawdcm.com
                BRANDON E. STREY
                State Bar No. 24084969
                bstrey@lawdcm.com

                ATTORNEYS FOR DEFENDANT,
                KENNESAW TRANSPORTATION, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the clerk of the court using the CM/ECF system. Pursuant to Fed. R. Civ. P. 5(a)-(d), all counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by mail, United States Postal Service, on this 23rd day of August, 2017.

Ms. Paula A. Wyatt
Mr. Gavin McInnis
Mr. J. Scott Mechler
WYATT LAW FIRM, LTD
21 Lynn Batts Lane, Suite 10
San Antonio, TX 78218
e-serve@wyattlawfirm.com
Attorneys for Plaintiff

                                                */s/ Brandon E. Strey*
                                                  BRANDON E. STREY